■ SALOMONE & COMPANY, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 48459.) — Appeal from a judgment, entered September 8, 1969, upon a decision of the Court of Claims. In March of 1966 claimant partnership purchased a 2.26-acre parcel of land fronting on Route 9W in the Village of Ardsley, Westchester County, after receiving approval for a zoning change from B-1 retail commercial to B 2 industrial to erect a metal fabrication plant. The rezoning was conditioned upon the plant's being constructed substantially in compliance with plans submitted by claimant. Prior to the construction of the plant a stop order was issued by the local authorities and, thereafter, the entire premises were appropriated by the State. The trial court found that the highest and best use of the property was industrial in accordance with B-2 zoning and awarded direct damages of $135,000, based on a $60,000 per acre value. The court, however, refused to allow evidence as to the cost of claimant's plans for the construction of the plant. Obviously, it did not consider such cost in ascertaining the market value of the land taken. This was error. We have recently concluded in a similar case that the market value of land should reflect an added increment for the cost of such approved plans. (Rustcon Developers v. State of New York, 33 A D 2d 582.) A prospective buyer wanting to develop the property for its highest and best use would give considerable weight to the value of these plans. The State contends that testimony with respect to the cost of the plans was properly excluded under rule 25-a of the Rules of the Court of Claims (now 22 NYCRR 1200.27) due to the fact that claimant did not disclose it in its written appraisal. We find that since claimant in its bill of particulars included the fact that it had expended large sums in obtaining architectural drawings for the construction of the plant, rule 25-a would permit proof of the cost of such plans. (See rule 25-a, subd. 5, par. [a].) Judgment reversed, on the law and the facts,

without costs, and a new trial ordered. Staley, Jr., J. P., Greenblott, Sweeney, Simons and Reynolds, JJ., concur.